1

2

3

4

5

6

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| FRANK RASSAII, | Case No. 25-cv-05818-NC |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE AS TO WHY CASE SHOULD NOT BE REMANDED BACK TO STATE COURT** |
| COPART, INC. and AAA AUTO SALES, INC. | |
| Defendants. | Re: ECF 1 |

18    This Court orders Defendant Copart, Inc., to show cause as to why this case should

19 not be remanded back to state court for lack of federal subject matter jurisdiction and lack

20 of full consent of co-defendants.

21 **I.    Federal Question Jurisdiction—Amount in Controversy**

22    Unlike state courts, federal courts are courts of limited jurisdiction. *Kokkonen v.*

23 *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  District courts can exercise

24 original subject matter jurisdiction through federal question or diversity jurisdiction.  28

25 U.S.C. §§ 1331, 1332.  Diversity jurisdiction requires the complete diversity of citizenship

26 and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).  Here, Copart

27 alleges this Court has diversity jurisdiction but fails to properly allege an amount in

28 controversy greater than $75,000.  ECF 1.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    Copart claims that the amount in controversy "would exceed $75,000.00" if the

2    "Plaintiff's complaint and information . . . concerning the nature and extent of . . .

3    damages, and basis for Plaintiff's claim of fraud" were to be taken in "good faith belief."

4    *Id.* ¶ 8.  However, Copart provides no basis for this conclusory statement.  *See Matheson v.*

5    *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Conclusory

6    allegations as to the amount in controversy are insufficient.").  The state court complaint

7    does not clearly denote whether the amount in controversy exceeds $75,000, and Copart

8    does not provide any evidence of the basis for this number.  *See Urbino v. Orkin Servs. Of*

9    *Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (stating that when a state court

10   complaint does not clearly plead the minimum amount in controversy, the "removing

11   defendant bears the burden of establishing, by a preponderance of evidence, that the

12   amount in controversy exceeds the jurisdictional threshold.").  Copart must provide

13   sufficient evidence to show by a preponderance of evidence that the amount in controversy

14   exceeds $75,000.

15   **II.    Unanimous Consent of All Defendants**

16   Copart's Notice does not mention whether it has the full consent of its co-defendant,

17   AAA Auto Sales, Inc.  "When a civil action is removed solely under section 1441(a), all

18   defendants who have been properly joined and served must join in or consent to the

19   removal of the action."  28 U.S.C. § 1446(b)(2)(a).  Copart must explain whether AAA

20   Auto Sales, Inc., has been properly joined and served, and has consented to the removal.

21   **III.   Conclusion**

22   Accordingly, Defendant Copart must show cause in writing by August 1, 2025, why

23   this case should not be remanded back to state court for lack of subject matter jurisdiction

24   and lack of unanimous consent by all defendants.  Rassaii may file a response by August 8,

25   2025.

26

27       **IT IS SO ORDERED.**

28

2

1

2  Dated:  July 17, 2025                          _____

3                                                 NATHANAEL M. COUSINS

4                                                 United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California